**Keith Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Lydia Anderson-Dana,** OSB No. 166167
Email: landersondana@stollberne.com
**Elizabeth B. Kinsman**, OSB No. 172956
Email: ekinsman@stollberne.com
**Anuj Shah,** OSB No. 243717
Email: ashah@stollberne.com
**Chloe Jasper**, OSB No. 253957
Email: cjasper@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Plaintiff City of Newport

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CITY OF NEWPORT,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM in her official capacity as the Secretary of Homeland Security, TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement, ADMIRAL KEVIN LUNDAY, in his official capacity as Acting Commandant of the United States Coast Guard, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, an agency of the United | Case No. 6:25-cv-2396-MC<br><br>**PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>Hon. Michael J. McShane |

PAGE 1 -  **PLAINTIFF'S MOTION TO CONSOLIDATE**

| | |
|---|---|
| States Department of Homeland Security, and UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security,<br><br>        Defendants. | |
| NEWPORT FISHERMEN'S WIVES, INC., an Oregon nonprofit corporation, and LINCOLN COUNTY, a political subdivision of the State of Oregon,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security, and KRISTI NOEM in her official capacity as the Secretary of Homeland Security,<br><br>        Defendants. | Case No. 6:25-cv-02165-AA<br><br>Hon. Ann L. Aiken |

## LOCAL RULE 7-1 CERTIFICATION

On December 21, 2025, counsel for Plaintiff the City of Newport ("the City" or "Newport") conferred with counsel for the State of Oregon on Newport's Motion to Consolidate ("Motion"). The State of Oregon consents to the Motion.

The City also made a good faith effort to resolve the dispute through telephone conferrals with Newport Fishermen's Wives, Inc., Lincoln County, and Defendants. Nonetheless, the parties have been unable to resolve this dispute.

PAGE 2 – **PLAINTIFF'S MOTION TO CONSOLIDATE**

## MOTION

Pursuant to Fed. R. Civ. P. 42 and LR 42, Newport moves to consolidate this case for all purposes, including trial, with *Newport Fishermen's Wives, Inc., et al v. United States Coast Guard, et al.*, Case No. 6:25-cv-02165-AA (D. Or.).

## DISCUSSION

In accordance with Fed. R. Civ. P. 42(a), the Court has discretion to consolidate actions if they "involve a common question of law or fact." The Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Here, good cause exists to consolidate this action with *Newport Fishermen's Wives, et al.*, for all purposes. The City provides the following information pursuant to LR 42-3:

**The case number, case title, and assigned judge of every related case pending in the District of Oregon.** *Newport Fishermen's Wives, Inc., et al v. United States Coast Guard, et al.*, Case No. 6:25-cv-02165-AA, is assigned to the Honorable Ann L. Aiken. This court previously consolidated *State of Oregon v. Noem et al.*, Case No. Case No. 6:25-cv-02172-AA, with *Newport Fishermen's Wives, et al.*

**The case number, case title, assigned judge, and court location of every other related case pending in any other state or federal court.** The City is not aware of any related case pending in any other state or federal court.

**The common question of law or fact at issue in each case.** Both cases allege issues of law and fact related to the U.S. Coast Guard's relocation of its search and rescue helicopter and the U.S. Government's decision to construct an ICE deportation and detention facility in Newport, Oregon. Both cases bring claims under the Administrative Procedures Act and *ultra*

PAGE 3 – **PLAINTIFF'S MOTION TO CONSOLIDATE**

*vires* claims for Defendants' failure to adhere to the Coastal Zone Management Act and the National Environmental Policy Act. The lawsuits also seek similar remedies.

**The status in each case of all pending motions, Court imposed deadlines, case management schedules, trial dates, etc.** As of December 22, 2025, a preliminary injunction is in effect in *Newport Fishermen's Wives, et al.*, requiring Defendants "preserve the status quo ante by restoring and maintaining the deployment of a Coast Guard MH-65 rescue helicopter to AIRFAC Newport, together with full operational capabilities, infrastructure, and personnel support during the pendency of these consolidated cases" (Dkt. 59). All remaining deadlines were established by the Court's initial scheduling orders.

**The reason that the cases should be reassigned and managed by a single judicial officer.** Here, the common issues of fact and law, and the need for uniform rulings, dictate that the matters should be reassigned and managed by a single judicial officer. By way of example, the Court's preliminary injunction holding and findings in *Newport Fishermen's Wives, et al.*, bears upon Defendants' use of AIRFAC Newport, which is relevant to the City's allegations about Defendants' intentions for the property. Judicial economy also supports consolidation; for instance, the parties and the Court would benefit from the same deadlines and concurrent happenings, such as for discovery and pre-trial motions.

**The position of the other parties, if known.** The State of Oregon consents to consolidation. Newport Fishermen's Wives, Inc., Lincoln County, and Defendants oppose the Motion.

**The scope of consolidation requested, e.g., for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial.** The City requests consolidation for all further proceedings, including trial.

PAGE 4 – **PLAINTIFF'S MOTION TO CONSOLIDATE**

## CONCLUSION

For the foregoing reasons, the City of Newport respectfully requests the Court grant the Motion to Consolidate for all further proceedings.

DATED this 9th day of January, 2026.

                STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: *s/ Elizabeth B. Kinsman*
    **Keith Ketterling**, OSB No. 913368
    **Lydia Anderson-Dana**, OSB No. 166167
    **Elizabeth B. Kinsman**, OSB No. 172956
    **Anuj Shah**, OSB No. 243717
    **Chloe Jasper**, OSB No. 253957
    209 SW Oak Street, Suite 500
    Portland, OR 97204
    Telephone: (503) 227-1600
    Facsimile: (503) 227-6840
    Email:   kketterling@stollberne.com
               landersondana@stollberne.com
               ekinsman@stollberne.com
               ashah@stollberne.com
               cjasper@stollberne.com

    -and-

    **Tiffany Johnson**, OSB No. 151190
    City Attorney Office
    169 SW Coast Hwy
    Newport, OR 97365
    Telephone: 541-574-0607
    Email:   t.johnson@newportoregon.gov

    *Attorneys for City of Newport*

PAGE 5 – PLAINTIFF'S MOTION TO CONSOLIDATE

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840