**Keith Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Lydia Anderson-Dana,** OSB No. 166167
Email: landersondana@stollberne.com
**Elizabeth B. Kinsman**, OSB No. 172956
Email: ekinsman@stollberne.com
**Anuj Shah,** OSB No. 243717
Email: ashah@stollberne.com
**Chloe Jasper**, OSB No. 253957
Email: cjasper@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Plaintiff City of Newport

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CITY OF NEWPORT,<br><br>  Plaintiff,<br><br>  v.<br><br>KRISTI NOEM in her official capacity as the Secretary of Homeland Security, TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement, ADMIRAL KEVIN LUNDAY, in his official capacity as Acting Commandant of the United States Coast Guard, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS | Case No. 6:25-cv-2396-MC<br><br>**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>Expedited Hearing Requested<br><br>Request for Oral Argument |

PAGE 1 -  **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

ENFORCEMENT, an agency of the United States Department of Homeland Security, and UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security,

Defendants.

## CERTIFICATION OF COMPLIANCE WITH LR 7-1

In compliance with LR 7-1, the parties made a good faith effort through email and a telephone conference to resolve this discovery dispute and have been unable to do so. Further, pursuant to LR 7-1(g), on January 16, 2026, Plaintiff City of Newport (the "City") requested Defendants' position on the request for an expedited hearing by leaving a voicemail with and emailing Defendants' counsel, but was unable to receive Defendants' position.

## MOTION

Pursuant to Fed. R. Civ. P. 26(d) and 34(b)(2)(A), the City requests leave to conduct the following limited expedited discovery in connection with the City's forthcoming preliminary injunction motion:

a. Production of documents from all Defendants (Secretary of Homeland Security Kristi Noem; Acting Director of Immigration and Customs Enforcement Todd Lyons; acting Commandant and head of the United States Coast Guard Admiral Kevin Lunday; United States Department of Homeland Security; Immigration and Customs Enforcement; and the United States Coast Guard) (collectively, "Defendants") in response to requests in the form attached hereto as Exhibit 1, to be completed no later than 21 days after this Court's ruling; and

b. Production of documents from third parties believed to be Defendants' contractors for the Newport detention and deportation facility, in response to subpoenas with requests

PAGE 2 **- PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

substantially in the form of the "Schedule A" attached hereto as Exhibit 2, to be completed no later than 14 days after service of the subpoenas.

The City reserves its right to request an early deposition under Fed. R. Civ. P 30(b)(6) of a representative of one or more Defendants, pursuant to its review of the above-requested documents.

The City further requests that the Court set this Motion for Expedited Discovery ("Motion") on an expedited briefing schedule and hear and decide this Motion on an expedited basis. As detailed in the Complaint (ECF No. 1), there is significant reason to believe that Defendants intend to begin work on the Newport immigration detention and deportation facility (the "detention facility") as early as this month. Accordingly, the City requests the Court decide this Motion on an expedited basis so that the City may receive the discovery necessary for its forthcoming preliminary injunction motion.[1]

## **MEMORANDUM IN SUPPORT**

### I.      INTRODUCTION

The City of Newport, a small coastal town in Oregon, has sued to halt Defendants' plans to construct and operate the detention facility in Newport. *See* Compl. Although the City has evidence of Defendants' plans, including from third parties, Defendants themselves have acted in secret and outside of the law in moving ahead with their plans for the detention facility. The

---

[1] The City has requested consolidation with *Newport Fishermen's Wives, Inc., et al. v. U.S. Coast Guard, et al.* (Case No. 6:25-cv-02165-AA), pending before Judge Aiken. *See* ECF No. 6, Pl's Mot. to Consolidate. Plaintiff the State of Oregon in *Newport Fishermen's Wives* has also requested expedited discovery. In accordance with Judge Aiken's Case Management Order, the Court scheduled a telephonic status conference and directed the parties to submit a joint letter describing the discovery dispute. ECF No. 4, Case Management Order, *Newport Fishermen's Wives*. Judge Aiken may order formal briefing on the matter after the status conference. *Id.* at 2. The status conference in that case is scheduled for January 28, 2026. ECF No. 66, Scheduling Order, *Newport Fishermen's Wives*.

PAGE 3 - **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

City therefore moves for limited expedited discovery related to its forthcoming preliminary injunction motion, which will shed light on the issues in dispute and provide the City with information regarding the specifics of Defendants' decision to construct, maintain, and fund a detention facility in the City, as well as the decision-making processes surrounding that decision.

## II.   ARGUMENT

A court may order expedited discovery when "good cause" exists to do so. *See Universal Servs. of Am., LP v. Agner*, No. 3:23-CV-01655-AN, 2023 WL 8930524, at *1 (D. Or. Dec. 27, 2023) ("Courts in this circuit have tended to use a general 'good cause' standard to determine if expedited discovery is warranted."); *Kayvan v. Pompeo*, No. 5:19-CV-08071-EJD, 2020 WL 553940, at *1 (N.D. Cal. Feb. 4, 2020) (same); *see also* Fed. R. Civ. P. 26(d) (parties may not seek discovery until the Rule 26(f) conference, unless "authorized by these rules, by stipulation, or by court order"); Fed. R. Civ. P. 34(b)(2)(A) (court may order shortened response time to requests for production).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). To evaluate whether "good cause" exists to justify expedited discovery, courts address: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Universal Servs. of Am.*, 2023 WL 8930524, at *1 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)). "The movant bears the burden of demonstrating the need for expedited discovery." *Id.* Here, each of these five factors weigh in favor of granting the City's Motion:

PAGE 4 - **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

**Preliminary Injunction:** "Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *New Mexico v. Musk*, 770 F. Supp. 3d 192, 198 (D.D.C. 2025) (citation omitted). Although a motion for preliminary injunction is not currently pending, the City's complaint contemplates this relief (*see* Compl. Prayer for Relief at 33 (¶ E)), and the City plans to file such a motion. Courts have found in numerous cases that this factor weighs in favor of finding good cause where a preliminary injunction is planned or even only being investigated. *See, e.g.*, *Musk*, 770 F. Supp. 3d at 199, 204–05 (granting in part and denying in part expedited discovery related to forthcoming preliminary injunction motion); *Intrepid Automation, Inc. v. 3D Sys. Corp.*, No. 24-CV-2262-AGS-DDL, 2025 WL 712652, at *2 (S.D. Cal. Mar. 5, 2025) (factor weighed in favor of plaintiff "seek[ing] expedited discovery to determine whether to seek a preliminary injunction"); *Legal Tech. Grp., Inc. v. Mukerji*, No. CV 17-631 (RBW), 2017 WL 7279398, at *3 (D.D.C. June 5, 2017) (finding this factor weighed in favor of granting expedited discovery "because, although a motion for a preliminary injunction is not yet pending, the very purpose of [the party's] motion for expedited discovery is to support its anticipated motion for a preliminary injunction"); *Light Salt Invs., LP v. Fisher*, No. 13CV1158-MMA DHB, 2013 WL 3205918, at *2 (S.D. Cal. June 24, 2013) (factor weighed in favor of granting expedited discovery where "Plaintiff indicates that it plans to file a motion for preliminary injunction in the near future").

In addition, expedited discovery is particularly appropriate as related to preliminary injunction proceedings "when the requested information is unavailable from other sources and within Defendants' exclusive control," as is true here. *Musk,* 770 F. Supp. 3d at 199. This factor weighs in the City's favor.

**Breadth of Requests:** "The scope of expedited discovery should be narrowly tailored to

PAGE 5 - **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

the purpose—supporting Plaintiffs' forthcoming preliminary injunction motion." *Id.*; *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009) (requests should be "narrowly tailored to obtain information relevant to a preliminary injunction determination") (citation omitted). The City's requests are limited in scope, requesting only information about Defendants' decision to construct, maintain, and fund a detention facility in the City, as well as the decision-making processes surrounding that decision. *See* Ex. 1, Requests for Production to Defendants, at 10–13; Ex. 2, Schedule A to Subpoenas, at 8–11.

Further, the City has narrowly tailored nearly all of its requests to seek only documents and communications "sufficient to show" actions taken by Defendants or their contractors in relation to the detention facility. *See* Ex. 1 at 10–13; Ex. 2 at 8–11.[2] These requests are appropriately narrow.

**Purpose for Requests:** "The second and third factors are closely related." *Musk*, 770 F. Supp. 3d at 199. The purpose of the City's requested discovery is to support its forthcoming motion for preliminary injunction, a purpose that supports a finding of good cause and weighs in the City's favor. *See* Advisory Committee Notes to the 1993 Amendments to Rule 26(d) (early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ."); *Musk*, 770 F. Supp. 3d at 199 ("Courts in this jurisdiction, however, have consistently found that preliminary injunction proceedings are exactly the kind of circumstance warranting expedited discovery.").

**Burden:** Here, the requested discovery does not impose a greater burden than that which will be placed on Defendants in the course of regular discovery. *See Roadrunner Intermodal*

---

[2] The only request not tailored as such is the request for Defendants' administrative record. *See* Ex. 1 at 9.

PAGE 6 - **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

*Servs. v. T.G.S. Transp., Inc.*, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017) (finding good cause for expedited discovery where burden to comply not "greater than the general discovery burdens contemplated by this action."). And any burden is outweighed by the benefits to the case, including supporting "expeditious resolution" through a preliminary injunction. *Musk*, 770 F. Supp. 3d at 202 ("Although discovery is inherently burdensome, the court finds that the benefit, including expeditious resolution of this case, outweighs the burden here."). This factor weighs in favor of the City.

**When Requests Made:** Although these requests are made in advance of the Rule 26(f) conference, the City expects litigation to move quickly given the nature of the matter. Therefore, these requests are likely not far in advance of the regular discovery schedule that would occur in this matter. This factor is neutral.

**The Administrative Procedures Act:** As a final note, although not one of the factors that courts consider on motions for expedited discovery, the City notes that this case involves claims under Administrative Procedures Act (APA). While APA claims typically do not involve extra-record discovery, 5 U.S.C. § 706, discovery is appropriate here for several reasons.

First, the City has brought non-APA claims, including breach of contract and *ultra vires* claims, for which discovery would not be limited to the administrative record. *See* Compl., ¶¶ 152–55 (*ultra vires* claim); *id.*, ¶¶1 56–65 (breach of contract claim); *id.*, ¶¶ 166–71 (breach of duty of good faith and fair dealing claim); *see also Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 155 F.4th 1082, 1093 (9th Cir. 2025) (allowing discovery in case involving APA claims with additional *ultra vires* claim because "[r]eview of an *ultra vires* challenge would not be limited to an administrative record").

PAGE 7 - **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Second, courts have allowed discovery, including expedited discovery, in cases involving the APA in a number of circumstances, including where "[t]he agency action challenged [] is unlike the actions normally challenged in APA cases, such as a promulgated regulation or a grant or denial of an application" and the "'contours of the precise policy at issue' are far from defined." *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Dep't of Lab.*, 349 F.R.D. 243, 247–49 (D.D.C. 2025), *reconsideration denied,* No. CV 25-339 (JDB), 2025 WL 1129202 (D.D.C. Mar. 19, 2025) (quoting *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)); *see also Am. Fed'n of Gov't Emps., AFL-CIO*, 155 F.4th at 1093 (allowing discovery because "this case does not come to us in the posture of an ordinary APA review. There has been no compilation of a conventional administrative record, no notice-and-comment rulemaking, and no issuance of a final rule or adjudication."); *see also Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. CV 25-3417 (BAH), --- F. Supp. 3d. ----, 2025 WL 3465518, at *37 (D.D.C. Dec. 2, 2025) (granting early discovery as part of preliminary injunction in APA case, and quoting *Hispanic Affairs Proj.*, 901 F.3d at 388). Here too, there has not been a "normal" government action for the City to challenge, since Defendants have acted in secret in attempting to construct the detention facility, and have promulgated no regulations or other formal actions.

Third, Courts have also granted expedited discovery in APA cases "relating to a request for a preliminary injunction, and in circumstances where the moving party demonstrates unusual circumstances." *Missouri v. Biden*, No. 3:22-CV-01213, 2022 WL 2825846, at *6 (W.D. La. July 12, 2022) (granting expedited discovery where "the need for a Preliminary Injunction would likely be thwarted if the Court were to wait for all of the Government Defendants to provide an [Administrative Record] before determining whether discovery is necessary"). Based on the speed in which Defendants are moving to immediately open a facility without complying with

PAGE 8 - PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

the required procedures, forcing the City to wait for Defendants to produce an Administrative Record will likely make it too late to hold Defendants to their legal and regulatory duties.

### III. CONCLUSION

For these reasons, the City respectfully requests that the Court grant its Motion for Expedited Discovery.

DATED this 16th day of January, 2026.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: *s/ Elizabeth B. Kinsman*
**Keith Ketterling**, OSB No. 913368
**Lydia Anderson-Dana**, OSB No. 166167
**Elizabeth B. Kinsman**, OSB No. 172956
**Anuj Shah**, OSB No. 243717
**Chloe Jasper**, OSB No. 253957
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:   kketterling@stollberne.com
         landersondana@stollberne.com
         ekinsman@stollberne.com
         ashah@stollberne.com
         cjasper@stollberne.com

-and-

**Tiffany Johnson**, OSB No. 151190
City Attorney Office
169 SW Coast Hwy
Newport, OR 97365
Telephone: 541-574-0607
Email:   t.johnson@newportoregon.gov

*Attorneys for City of Newport*

PAGE 9 - PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840