# EXHIBIT 2

## SCHEDULE A

## DEFINITIONS

The following definitions will apply to the following terms as used herein:

1.      "Communication" or "Communications" means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, recorded speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer or electronic data, sound, radio or video signals, telecommunication, telephone, text messages, teletype, facsimile, telegram, microfilm, microfiche, photographic film, or other media of any kind.  Communication also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press releases.

2.      "Complaint" refers to the Complaint filed in the above-captioned litigation (ECF No. 1).

3.      "Consistency Determination" has the meaning of the determination described in 16 U.S.C. § 1456(c)(1)(C) and 15 C.F.R. § 930.36(b).

4.      "Defendants" means Defendants Kristi Noem, Todd Lyons, Admiral Kevin Lunday, United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), and United States Coast Guard ("USCG"), collectively and singularly, and includes all present or former departments, subagencies or offices, administrations, divisions, commissions, or predecessors.  "Defendants" also means their respective present or former officers, directors, employees, owners, representatives, attorneys, and agents, as well as consultants and any other persons acting or purporting to act on behalf of

Page 1 – SCHEDULE A

Exhibit 2
Page 1 of 11

each such entity or person, including but not limited to any entities controlled by such entity, whether directly or indirectly.

5. "Document" and "Documents" are used in the broadest possible sense and have the same meaning as "writings," which is defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001 as including, but not limited to, any electronically stored data, documents, and electronic communications (such as e-mail), stored in computers or otherwise. A copy or duplicate of a document that has any nonconforming notes, marginal annotations, or other markings, as well as any preliminary version, draft, or revision of the foregoing, shall be considered a separate document within the meaning of this term. "Document" includes Electronically Stored Information and Communications.

6. "Electronically Stored Information" or "ESI" means information stored in a medium from which it can be retrieved and examined, including information that is stored by an end user, application, operating system, or file system, and includes file system data, content, metadata, file name data, application data, and operating system data. "ESI" includes data of any type, in any format, including data resident at any physical location on any type of electronic media. "ESI" also includes user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail.

7. "Environmental Assessment" has the meaning described in 42 U.S.C. § 4336e(4) and 42 U.S.C. § 4336(b)(2).

8. "Environmental Impact Statement" has the meaning described in 42 U.S.C. § 4336e(6) and 42 U.S.C. § 4336(b)(1).

9. "ICE Detention Facility" means any facility or other arrangement Defendants are constructing, maintaining, or funding, or are planning or considering to construct, maintain, or fund, in or within 10 miles of Newport, Oregon, to detain, deport, or otherwise temporarily house individuals in ICE's custody.

10. "Plaintiff" means Plaintiff City of Newport.

11. "You" and "Your" mean [Recipient Name] and include any and all present and former directors, officers, managers, employees, representatives, subcontractors, agents, accountants, attorneys, advisors, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person, including but not limited to any entities controlled by such entity, whether directly or indirectly.

12. "And" and "or" should be construed conjunctively as well as disjunctively.

13. "Relating to," "relate(s) to," "related to," and "regarding" mean concerning, discussing, describing, referring to, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, pertaining to, embodying, mentioning, respecting, bearing on, or addressed to or from, in whole or in part, that subject.

14. The terms "all," "any," "each," and "every" shall be construed as meaning all, any, each and every.

15. To the extent that any word, phrase or term is not defined herein, any such word, phrase or term shall have the meaning defined in 15 U.S.C. § 78a *et seq.*, if found therein, the remaining provisions of 17 C.F.R. 240 *et seq.*, if found therein, BLACK'S LAW DICTIONARY, if found therein, or the AMERICAN HERITAGE DICTIONARY FOR THE ENGLISH LANGUAGE.

## INSTRUCTIONS

1. In responding to these Requests, You shall produce all responsive Documents that are in Your possession, custody, or control, or the possession, custody or control of Your employees, agents, predecessors, successors, divisions, affiliates, or any of their respective officers, agents, employees, attorneys, accountants, or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the document from another person having possession or custody of the document.

2. These requests are continuing in nature so as to require supplemental responses to the extent required under the Federal Rules of Civil Procedure.

3. You are to produce the following items in electronic format prepared for Relativity:

   (a) Electronic scanned images of original documents responsive to these Requests that exist only in hard-copy format and are therefore unavailable in native ESI format (*e.g.*, handwritten notes, including alterations to documents that are otherwise kept and producible as ESI in their unaltered form, or materials that were generated as ESI but where ESI files are inaccessible because they are not in Your possession or control), as they are kept in the usual course of business, including all non-identical copies. Documents normally maintained in paper format should be produced as single page images.

   (b) If a document's original form was electronic, You should produce it in its original electronic file format as either 1-bit TIFF or JPEG images, preserving and producing all available metadata (e.g., all file attributes, such as its creation and modification dates, associated family groups, its location within a storage device's file structure, etc.). A load file containing the extracted

        metadata should include, but not necessarily be limited to, the following fields: Begdoc; Enddoc; BegAttach; EndAttach; Author; Email From; Email To; CCs; BCCs; Native File Name; Email Subject; Created Date/Time; Last Modified Date/Time; Sent Date/Time; Received Date/Time; MD5Hash.

    (c)    Database files (e.g. Microsoft Access files), spreadsheets or CSV files, audio/video files, presentations (e.g. PowerPoint files), and any other files that cannot be imaged shall be produced in their native application format. If any files are maintained in a non-standard format or require software that is not readily commercially available, the parties can confer on the manner of production, and the files shall be produced in such a manner that the parties mutually agree upon or that the Court may ultimately direct. Depending on the electronic format of the responsive documents, Plaintiff reserves the right to request that the documents be reproduced in non-native or native format.

4.    You are to produce responsive Documents in the order they are kept in the usual course of business (including any original folders, binders, covers, or containers) or You shall organize and label such responsive Documents to correspond with the categories in these requests. Where the original of a Document is unavailable, a copy identical to the original shall be produced. A draft or non-identical copy of a Document is a separate Document as the term is used herein. All attachments and appended or embedded links or files should be produced if any one of them is responsive to any of the Requests. You shall Bates stamp the Documents.

Page 5 – SCHEDULE A

Exhibit 2
Page 5 of 11

5.  If a Document exists in electronic or recorded form (whether digital or analog), including tapes or other recordings of conversations, You shall produce it. If a Document exists in electronic or recorded form as well as other forms (including printouts of electronic data and transcripts of recordings), You shall produce the Document in all forms.

6.  Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, You are specifically instructed to search all Document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following Requests, and production of such documents should be made regardless of whether such Documents exist in tangible or hard copy form. Production is also sought regardless of whether the user purported to "delete" the Document, if such Document is capable of being retrieved from archives and/or backup tapes or disks.

7.  If any Document responsive to these Requests is withheld under a claim of privilege or upon any other ground, as to each such Document, provide the following information in sufficient detail to permit the Court to rule on your claim:

   (a) The nature of the privilege being asserted or other rule relied upon, and the facts supporting Your assertion thereof;

   (b) The party who is asserting the privilege; and

   (c) The following information about the purportedly privileged document:

      (1) The author, primary addressee, and secondary addressees or persons copied, including the relationship of those persons to any party in this litigation and/or author of the document;

      (2) A brief description sufficient to identify the type, subject matter, and purpose of the document;

(3) All persons to whom its contents have been disclosed;

(4) The date the document was prepared, the date the document bears, the date the document was sent, and the date the document was received; and

(5) A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

8. If a portion of any Document responsive to these Requests is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be produced, with the portion claimed to be privileged redacted.

9. You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by the preceding two instructions), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

10. Unless otherwise indicated herein, the timeframe for these requests is January 20, 2025, through the present.

11. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

Page 7 – SCHEDULE A

Exhibit 2
Page 7 of 11

## SPECIFIC REQUESTS

**REQUEST NO. 1:** Any Consistency Determination for the ICE Detention Facility, or in the alternative, Documents and Communications sufficient to show any drafts or analysis concerning the same.

**RESPONSE:**

**REQUEST NO. 2:** Any Environmental Impact Statement (EIS) or Environmental Assessment (EA) for the ICE Detention Facility, or, in the alternative, Documents and Communications sufficient to show any drafts or analysis concerning the same.

**RESPONSE:**

**REQUEST NO. 3:** Documents and Communications sufficient to show Your analysis (if any) of the environmental effects related to constructing, maintaining, and funding the ICE Detention Facility.

**RESPONSE:**

**REQUEST NO. 4:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You to construct the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

Page 8 – SCHEDULE A

Exhibit 2
Page 8 of 11

**REQUEST NO. 5:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You to consider, assess, and/or determine any potential or actual locations for the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 6:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You for lodging for You, Your employees, and/or Defendants and their employees or contractors, in relation to the development, siting, building, support, or operation of the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 7:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You concerning wastewater or septage in relation to the development, siting, building, support, or operation of the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 8:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You concerning catering or other food services to support the development, siting, building, or operation of the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 9:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You regarding trash or waste generated in the development, siting, building, support, or operation of the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 10:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You for potable water in relation to the development, siting, building, support, or operation of the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 11:** Documents and Communications sufficient to show when You or Defendants intend to begin the development, siting, building, support, or operation of the ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

**REQUEST NO. 12:** Documents and Communications sufficient to show actions taken by or inquiries made by or to You to prepare, announce, advertise, and/or send job and recruitment postings in relation to the development, siting, building, support, or operation of the

ICE Detention Facility. This request includes, but is not limited to, Your internal Communications and those with Defendants.

**RESPONSE:**

Page 11 – SCHEDULE A

**Exhibit 2**
**Page 11 of 11**