**Eric J. Brickenstein**, OSB No. 142852
Email: eric@northcurrentlegal.com
**Mark J. Kimbrell**, OSB No. 143607
Email: mark@northcurrentlegal.com
**NORTH CURRENT LEGAL LLC**
1050 SW 6th Avenue, Suite 1414
Portland, Oregon 97204
Phone: (503) 489-9020

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
(Eugene Division)

| | |
|---|---|
| **NEWPORT FISHERMEN'S WIVES, INC.,** an Oregon nonprofit corporation and **LINCOLN COUNTY,** a political subdivision of the State of Oregon,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES COAST GUARD**, an agency of the United States Department of Homeland Security, and **KRISTI NOEM** in her official capacity as the Secretary of Homeland Security<br><br>Defendants,<br><br>and<br><br>**CITY OF NEWPORT**,<br><br>Amicus | Case No. 6:25-cv-02165-AA (Leading Case)<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Consolidated with:<br>*State of Oregon v. Noem, et al.*<br>No. 6:25-cv-02172-AA (Trailing Case) |

1 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE

I.        **INTRODUCTION**.

On November 21, Newport Fishermen's Wives, Inc. and Lincoln County ("Plaintiffs") sued the U.S. Coast Guard and Secretary Noem ("Defendants") to enjoin Defendants' reduction of operations at AIRFAC Newport in violation of 14 U.S.C. § 912 (the "Act"). A month later, the City of Newport (the "City") filed a separate action to enjoin Defendants from constructing an Immigration and Customs Enforcement ("ICE") facility anywhere in Newport. The City now moves to consolidate its case with Plaintiffs' case. The Court should deny the City's motion.

Plaintiffs' case is straightforward and narrowly focused on maintaining operations at AIRFAC Newport and enjoining Defendants' violation of the Act. The Court has already entered a preliminary injunction, and Defendants do not dispute the key facts at issue, including that they removed the rescue helicopter from AIRFAC Newport in 2025 without following the Act's requirements. Plaintiffs' case is therefore well positioned for efficient resolution in the coming months either through a dispositive motion or short bench trial.

The City's case, in contrast, involves complex claims related to the construction of an ICE facility *anywhere* in Newport. The City's claims—and the questions of law and fact these claims raise—are separate from Plaintiffs' case. Their consolidation would prejudice Plaintiffs by imposing additional litigation costs and delays associated with fundamentally changing the litigation's scope. The Court should decline to impose that uninvited burden on Plaintiffs over their objection.

The City argues that consolidation is appropriate because its claims relate to new claims asserted by the State of Oregon (the "State") in its recently filed amended complaint, which likewise challenge construction of an ICE facility in Newport. The State's ICE-facility related claims, however, were not part of its case when Plaintiffs agreed to consolidate their case with

2 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE

the State's last November. Plaintiffs should not be forced to bear the impact of significant added complexity created by the State's post-consolidation amendment.

In these circumstances, the most efficient and equitable path forward is clear: The Court should sever the State's ICE-related claims contained in its amended complaint and consolidate those claims with the City's case. In this way, the State and the City can jointly litigate their common claims without prejudicing Plaintiffs.

## II.     BACKGROUND.

Plaintiffs sued Defendants on November 21, 2025, and moved contemporaneously for a temporary restraining order requiring Defendants to restore the status quo at AIRFAC Newport by returning the rescue helicopter with full staffing and operational capacity. On November 24, 2025, the Court granted Plaintiffs' motion and entered a restraining order. ECF No. 15.[1]

Also on November 24, the State of Oregon sued Defendants. The State moved to consolidate its case with Plaintiffs' case. Plaintiffs consented because the State's case largely mirrored Plaintiffs' case. On November 25, the Court granted the State's motion to consolidate. ECF No. 16.

Following expedited discovery, on December 8, 2025, the Court held a hearing on Plaintiffs' and the State's motions for preliminary injunction. At the conclusion of the hearing, the Court extended the restraining order for an additional 14 days for cause, pending a written ruling on the motions for preliminary injunction. ECF No. 55.

On December 19, the State amended its complaint as of right. ECF No. 58. The State's amended complaint expanded the scope of its case beyond the claims raised in its operative

---

[1] All record citations are to *Newport Fishermen's Wives, Inc. et al v. United States Coast Guard et al*, 6:25-cv-02165-AA.

**3 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE**

complaint at the time that Plaintiffs agreed to consolidate. Specifically, the State's amended complaint added new factual allegations and claims for relief challenging the construction of an ICE detention facility in Newport. *Id.*

On December 22, the Court granted Plaintiffs' and the State's motions for preliminary injunction and ordered Defendants to maintain the status quo at AIRFAC Newport. ECF No. 59. The same day, the City of Newport sued Defendants and ICE. The City's complaint centers on preventing construction of an ICE detention facility anywhere in Newport.

### III.   LEGAL STANDARD.

FRCP 42 permits the Court to consolidate actions. The Rule's purpose is to promote efficiency. *Wilson v. HGC, Inc.*, No. 3:16-cv-64-SI, 2016 WL 4432690, at *1 (D. Or. Aug. 18, 2016). In exercising its discretion, the Court must weigh "the interest in judicial convenience against the potential delay, confusion and prejudice caused by consolidation." *Evraz Inc., N.A. v. Travelers Indem. Co.*, No. 3:11-cv-00233-AC, 2013 WL 6241984, at *1 (D. Or. Dec. 3, 2013) (quotation omitted). "Consolidation is inappropriate if it would lead to inefficiency, inconvenience, or unfair prejudice to any party." *Wilson*, 2016 WL 4432690, at *1. Likewise, "[a] motion to consolidate may be denied . . . if consolidation will cause delay in the processing of one or more of the individual cases, or if consolidation will lead to confusion or prejudice in the effective management or trial of one or more of the cases." *Evans v. BBG Commc'ns, Inc.*, No. 10-CV-542-H (NLS), 2011 WL 13177329, at *2 (S.D. Cal. Feb. 25, 2011) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (1971)). "The moving party has the burden of showing that consolidation is appropriate. *De Coster v. Amazon.com, Inc.*, No. C21-693RSM, 2022 WL 168405, at *1 (W.D. Wash. Jan. 19, 2022).

///

**4 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE**

IV.     **ARGUMENT.**

    A.     **Consolidation Would Unfairly Prejudice Plaintiffs.**

Plaintiffs brought a narrow case against Defendants focused on a discrete issue: enjoining the closure or significant reduction in operations at AIRFAC Newport in violation of the Act. Defendants admit the key facts at issue in Plaintiffs' case: that the Coast Guard relocated the AIRFAC Newport rescue helicopter in 2025 without following the Act's requirements. And the Court has made substantive rulings in Plaintiffs' case, including entering a preliminary injunction. The City's case, in contrast, seeks broadly to enjoin Defendants from siting an ICE facility *anywhere* "in Newport." The City's case presents factual questions regarding the nature of defendants' decision to build an ICE facility anywhere in Newport, as well as complex legal issues, such as whether that decision violates the Coastal Zone Management Act.

Consolidating the City's case with Plaintiffs' case would complicate and delay pretrial proceedings and scheduling. It would inevitably increase discovery, motion practice, conferrals, related costs, and logistical burdens that Plaintiffs did not invite. And consolidation would increase the length and complexity of trial. All of this would be a significant hardship, particularly for Newport Fishermen's Wives, Inc., which is a small non-profit with a limited budget and a mission focused on maritime safety and education. It would also require Lincoln County's taxpayers to bear the financial cost of broadened litigation that their elected leaders did not intend.[2]

---

[2] This problem is further underscored by Oregon Shores Conservation Coalition and Cascadia Wildlands' recently filed motion to intervene, which states explicitly that their "interests are more aligned with the new claims related to the Detention Facility's failure to comply with the CZMA and NEPA." ECF No. 67 at 6; *cf. De Coster,* 2022 WL 168405, at *1 (denying consolidation in part based on "the apparent effort by Plaintiffs' counsel in this case to prioritize its existing allegations over those of the case that it is attempting to consolidate with.").

**5 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE**

In short, consolidation would delay resolution of Plaintiffs' claims and expose Plaintiffs to increased litigation complexity and costs. In these circumstances, district courts routinely deny consolidation. *See, e.g.*, *Evraz Inc., N.A. v. Travelers Indem. Co.*, No. 3:11-CV-00233-AC, 2013 WL 6241984, at *3 (D. Or. Dec. 3, 2013); *see also Wilson*, 2016 WL 4432690, at *1 ("Consolidation is inappropriate if it would lead to inefficiency, inconvenience, or unfair prejudice to any party."). This Court should deny consolidation here.

B. **The City's Case is Distinct from Plaintiffs' Case.**

The City states in its motion that consolidation with Plaintiffs' case is appropriate because "[b]oth cases allege issues of law and fact related to . . . the U.S. Government's decision to construct an ICE deportation and detention facility in Newport, Oregon." ECF No. 65 at 3. But Plaintiffs' case does not relate to the construction of an ICE facility, provided it does not interfere with Defendants' performance of their obligations to maintain the required Coast Guard operations at AIRFAC Newport.

Nor do Plaintiffs' case and the City's seek the same relief. Plaintiffs seek an injunction requiring Defendants to maintain operations at AIRFAC Newport consistent with the Act's requirements. Conversely, the City requests, among other things, a declaration that Defendants' alleged decision to locate an ICE detention facility *anywhere* in Newport violates the National Environmental Policy Act and the Coastal Zone Management Act.

C. **Overlap Between the City's Case and the State's Amended Complaint Does Not Support Consolidation with Plaintiffs' Case.**

The City's case does overlap with claims alleged by the State for the first time in its amended complaint. But the State amended its complaint as of right to add the new ICE facility-related claims *after* Plaintiffs had agreed to consolidate.

6 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE

Plaintiffs do not disagree that there are efficiencies to be gained by jointly litigating the State's newly added claims and the City's case. But those benefits can, and should, be achieved through less burdensome means and without unfairly prejudicing plaintiffs. This could be accomplished, for example, by consolidating the City's case only with the new, ICE facility-related claims contained in the State's amended complaint. This would accommodate the State's and City's (and, perhaps, the proposed intervenors') desire to jointly litigate their common claims while also allowing Plaintiffs' separate, narrower case to continue unimpeded. This solution is well within the Court's discretion and would serve the purpose of Rule 42 without unfairly forcing Plaintiffs to bear the cost of other parties' litigation decisions. *See Wilson*, 2016 WL 4432690, at *3 ("the Court denies HGC's motion that the two actions be consolidated pursuant to Rule 42(a)(2), in large part because unnecessary cost or delay and the risk of inconsistent rulings may be avoid through less drastic means permitted under Rule 42(a)(3).").

V.     **CONCLUSION**.

The City's motion should be denied.

DATED this 23rd day of January, 2026.

/s/ Eric J. Brickenstein
**Eric J. Brickenstein**, OSB No. 142852
Email: eric@northcurrentlegal.com
**Mark J. Kimbrell**, OSB No. 143607
Email: mark@northcurrentlegal.com
**NORTH CURRENT LEGAL LLC**
1050 SW 6th Avenue, Suite 1414
Portland, Oregon 97204
Phone: (503) 489-9020

7 – PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF NEWPORT'S MOTION TO CONSOLIDATE