**Keith Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Lydia Anderson-Dana,** OSB No. 166167
Email: landersondana@stollberne.com
**Elizabeth B. Kinsman**, OSB No. 172956
Email: ekinsman@stollberne.com
**Anuj Shah,** OSB No. 243717
Email: ashah@stollberne.com
**Chloe Jasper**, OSB No. 253957
Email: cjasper@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Plaintiff City of Newport

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CITY OF NEWPORT,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM in her official capacity as the Secretary of Homeland Security, TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement, ADMIRAL KEVIN LUNDAY, in his official capacity as Acting Commandant of the United States Coast Guard, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS | Case No. 6:25-cv-2396-MC<br><br>**CITY OF NEWPORT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**<br><br>Hon. Michael J. McShane |

PAGE 1 -   **CITY OF NEWPORT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

| | |
|---|---|
| ENFORCEMENT, an agency of the United States Department of Homeland Security, and UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security,<br><br>                    Defendants. | |
| NEWPORT FISHERMEN'S WIVES, INC., an Oregon nonprofit corporation, and LINCOLN COUNTY, a political subdivision of the State of Oregon,<br><br>                    Plaintiffs,<br><br>         v.<br><br>UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security, and KRISTI NOEM in her official capacity as the Secretary of Homeland Security,<br><br>                    Defendants. | Case No. 6:25-cv-02165-AA<br><br>Hon. Ann L. Aiken |

The City of Newport ("Newport") moved to consolidate its action with *Newport Fishermen's Wives, Inc., et al v. United States Coast Guard, et al.*, Case No. 6:25-cv-02165-AA (D. Or.) (the "Motion") to maximize judicial economy, conserve resources, and avoid inconsistent rulings.  In light of the responsive briefing filed by Newport Fishermen's Wives, Newport believes there is a straightforward path for the Court to expeditiously resolve the Motion.[1]  Namely, the Court should consolidate Newport's case with the State's ICE-related claims; following consolidation, Newport would support case management options, including

---

[1] As stated herein, Defendants did not file an opposition to the Motion and have therefore waived any objection.

PAGE 2 – **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

bifurcation or severance of the claims regarding the Coast Guard helicopter operations at AIRFAC Newport from the ICE-related claims.

## ARGUMENT

As an initial matter, Defendants missed their January 23 deadline to file an opposition to the Motion. Therefore, they have waived any objection to the Court granting Newport's Motion or the relief jointly requested by Newport and the Newport Fishermen's Wives. *See, e.g., Meek v. Ward*, No. 2:21-cv-00216-HL, 2022 WL 19977542, at *2 (D. Or. Feb. 3, 2022) ("A party's failure to respond to a motion can be deemed a waiver of any objection to the Court granting that motion.").

In its response to the Motion, Newport Fishermen's Wives proposed that the Court consolidate Newport's case with the State's ICE-related claims and sever these claims from the Coast Guard-related claims under Rule 42(b), noting that "there are efficiencies to be gained by jointly litigating the State's [ICE-related] claims and the City's case." ECF No. 9 at 3, 7. Newport wholly supports case management options, including bifurcation or severance, to address Newport Fishermen's Wives concerns about being burdened with expanded litigation, as outlined in their brief. *Id.*

## CONCLUSION

For the foregoing reasons, Newport respectfully asks that the Court use its broad discretion under Rule 42(b) to consolidate Newport's case with the State's ICE-related claims, with the understanding that following consolidation, the Court may bifurcate or sever the claims concerning the Coast Guard helicopter from the ICE-related claims.

**PAGE 3 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

DATED this 27th day of January, 2026.

                      STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


                By: *s/ Chloe Jasper*
                    **Keith Ketterling**, OSB No. 913368
                    **Lydia Anderson-Dana**, OSB No. 166167
                    **Elizabeth B. Kinsman**, OSB No. 172956
                    **Anuj Shah**, OSB No. 243717
                    **Chloe Jasper**, OSB No. 253957
                    209 SW Oak Street, Suite 500
                    Portland, OR 97204
                    Telephone: (503) 227-1600
                    Facsimile: (503) 227-6840
                    Email:   kketterling@stollberne.com
                                  landersondana@stollberne.com
                                  ekinsman@stollberne.com
                                  ashah@stollberne.com
                                  cjasper@stollberne.com

                    -and-

                    **Tiffany Johnson**, OSB No. 151190
                    City Attorney Office
                    169 SW Coast Hwy
                    Newport, OR 97365
                    Telephone: 541-574-0607
                    Email:   t.johnson@newportoregon.gov

                    *Attorneys for City of Newport*

PAGE 4 – **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**