**Keith Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Lydia Anderson-Dana,** OSB No. 166167
Email: landersondana@stollberne.com
**Elizabeth B. Kinsman**, OSB No. 172956
Email: ekinsman@stollberne.com
**Anuj Shah,** OSB No. 243717
Email: ashah@stollberne.com
**Chloe Jasper**, OSB No. 253957
Email: cjasper@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:   (503) 227-6840

Attorneys for Plaintiff City of Newport

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CITY OF NEWPORT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISTI NOEM in her official capacity as the Secretary of Homeland Security, TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement, ADMIRAL KEVIN LUNDAY, in his official capacity as Acting Commandant of the United States Coast Guard, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, an agency of the United | Case No. 6:25-cv-2396-MC<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**<br><br>Hon. Michael J. McShane |

PAGE 1 -  **PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

States Department of Homeland Security, and UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security,

        Defendants.

---

STATE OF OREGON,

        Plaintiff,

v.

KRISTI NOEM in her official capacity as the Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and TODD LYONS, in his official capacity as the Senior Official Performing the Duries of the Director of the United States Immigration and Customs Enforcement,

        Defendants.

Case No. 6:26-cv-00186-AA

Hon. Ann L. Aiken

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Plaintiff the City of Newport ("the City" or "Newport") conferred with counsel for the State of Oregon ("the State" or "Oregon") on February 2, 2026, and counsel for Defendants February 3, 2026, concerning Newport's Motion to Consolidate ("Motion"). Both counsel for the State and Defendants stated they do not oppose the Motion.

PAGE 2 – **PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

## MOTION

Pursuant to Fed. R. Civ. P. 42 and LR 42, Newport moves to consolidate this case for all purposes, including trial, with *State of Oregon v. Kristi Noem, et al.*, Case No. 6:26-cv-00186-AA (D. Or.) (hereafter, "*Oregon v. Noem*").

## DISCUSSION

In accordance with Fed. R. Civ. P. 42(a), the Court has discretion to consolidate actions if they "involve a common question of law or fact." The Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Here, good cause exists to consolidate this action with *Oregon v. Noem*, for all purposes. The City provides the following information pursuant to LR 42-3:

**The case number, case title, and assigned judge of every related case pending in the District of Oregon.** *Oregon v. Noem* is assigned to the Honorable Ann L. Aiken. The case is the result of the Cout severing certain of the State's claims from *Newport Fishermen's Wives, et al. v. United States Coast Guard, et al.*, Case No. 6:25-cv-02165-AA (hereafter, "*Newport Fishermen's Wives*") (*see* ECF No. 73, Opinion & Order).[1] Newport now seeks consolidation of its case with *Oregon v. Noem*.

**The case number, case title, assigned judge, and court location of every other related case pending in any other state or federal court.** The City is not aware of any related case pending in any other state or federal court.

---

[1] Citations to specific PACER docket entries are to the case immediately preceding the citation, unless otherwise indicated.

PAGE 3 – **PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

**The common question of law or fact at issue in each case.** Both cases allege issues of law and fact related to the U.S. Government's decision to construct an ICE deportation and detention facility in Newport, Oregon. Both cases bring claims under the Administrative Procedures Act and *ultra vires* claims for Defendants' failure to adhere to the Coastal Zone Management Act ("CZMA") and the National Environmental Policy Act ("NEPA"). The lawsuits also seek similar remedies.

**The status in each case of all pending motions, Court-imposed deadlines, case management schedules, trial dates, etc.** Defendants are due to answer the State's Conforming Complaint in *Oregon v. Noem* on or before February 13, 2026. ECF No. 2 (Opinion & Order) at 5. Defendants' answer to Newport's claims is due on or before February 23, 2026. *See City of Newport v. Noem, et al.*, Case No. 6:25-cv-2396 (hereafter, "*Newport v. Noem*"), ECF No. 4 (Affidavit of Service upon All Defendants); Fed. R. Civ. P. 12(a).

In *Newport v. Noem*, the City filed a motion for consolidation (ECF No. 6) and a motion for expedited discovery (ECF No. 7).[2] Defendants have not filed responses to either motion, and both motions remain pending. The Court stated that Newport may refile its motion to consolidate its case with *Oregon v. Noem* within seven days of the State filing its conforming complaint, at which point the court would moot Newport's earlier-filed motion to consolidate. *Oregon v. Noem*, ECF No. 2 (Opinion & Order) at 4. The Court also indicated it would set a telephonic status conference to address the question of expedited discovery. *See Newport Fishermen's Wives*, ECF No. 72 (Minutes of Proceeding). All remaining deadlines were established by the Court's initial scheduling orders.

---

[2] The City requested that the Court hear its motion for expedited discovery on an expedited basis.

PAGE 4 – **PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

**The reason that the cases should be reassigned and managed by a single judicial officer.**  Here, the common issues of fact and law, and the need for uniform rulings, dictate that the matters should be reassigned and managed by a single judicial officer.  By way of example, both *Oregon v. Noem* and *Newport v. Noem* concern common issues of fact and law on Defendants' decision to build a facility in or around Newport, the final agency actions on this issue, and whether Defendants complied with the requirements of the CZMA and NEPA.  Judicial economy also supports consolidation; for instance, the parties and the Court would benefit from the same deadlines and concurrent happenings, such as for discovery and pre-trial motions.

**The position of the other parties, if known.**  The State of Oregon consents to consolidation, and Defendants stated they have no objection to consolidation.

**The scope of consolidation requested, e.g., for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial.**  The City requests consolidation for all further proceedings, including trial.

## CONCLUSION

For the foregoing reasons, the City of Newport respectfully requests the Court grant the Motion to Consolidate for all further proceedings.

DATED this 3rd day of February, 2026.

            STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

            By:  *s/ Elizabeth B. Kinsman*
               **Keith Ketterling**, OSB No. 913368
               **Lydia Anderson-Dana**, OSB No. 166167
               **Elizabeth B. Kinsman**, OSB No. 172956
               **Anuj Shah**, OSB No. 243717
               **Chloe Jasper**, OSB No. 253957

PAGE 5 – **PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

        209 SW Oak Street, Suite 500
        Portland, OR 97204
        Telephone: (503) 227-1600
        Facsimile: (503) 227-6840
        Email:   kketterling@stollberne.com
                    landersondana@stollberne.com
                    ekinsman@stollberne.com
                    ashah@stollberne.com
                    cjasper@stollberne.com

-and-

**Tiffany Johnson**, OSB No. 151190
City Attorney Office
169 SW Coast Hwy
Newport, OR 97365
Telephone: 541-574-0607
Email:   t.johnson@newportoregon.gov

*Attorneys for City of Newport*

PAGE 6 – **PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**