IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STATE OF OREGON,

               Plaintiff,

     v.

KRISTI NOEM, et al.,

               Defendants,

Civ. No. 6:26-cv-00186-AA (lead case)
Civ. No. 6:25-cv-02396-AA (trailing)

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion to Intervene filed by Oregon Shores Conservation Coalition and Cascadia Wildlands.  ECF No. 4.  For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

### A.  Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) requires a court to permit intervention when four requirements are met:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction

which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

The applicant seeking to intervene bears the burden of showing that all four requirements are met. *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013). In making its determination, courts are "guided primarily by practical and equitable considerations, and the requirements of intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

## B. Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1)(B) grants courts discretion to permit intervention when an applicant makes a timely motion to intervene and "has a claim or defense that shares with the main action a common question of law or fact." The movant bears the burden of establishing three requirements: (1) the applicant shares a common question of law or fact with the main action; (2) the applicant's motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021). Even if all three requirements are met, "the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

### DISCUSSION

Oregon Shores Conservation Coalition and Cascadia Wildlands ("Intervenors") seek to intervene in this consolidated action. A detailed recitation of the factual

background is unnecessary at this point, but Plaintiffs State of Oregon and City of Newport allege that Defendants are seeking to construct an immigration detention facility at or near the Newport Municipal Airport contrary to the Coastal Zone Management Act ("CZMA") and the National Environmental Policy Act ("NEPA") and they bring challenges under the Administrative Procedure Act ("APA").

Intervenors are environmental groups who likewise allege that Defendants intend to build an immigration detention center near the Newport Municipal Airport and that such a plan is contrary to the CZMA and NEPA and bring challenges under the APA.

## I.    The Motion to Intervene is Timely

Timeliness is the "threshold requirement for intervention," and "hinges on three primary factors: (1) the state of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (4) the reason for and length of the delay." *Kalbers. United States Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (internal quotation marks and citations omitted).

Here, the Court concludes that the motion to intervene is timely.  It was filed within the time allowed by the Court when it severed this case from Case No. 6:25-cv-02165-AA.  ECF Nos. 2, 4.  The case is in its early stages, before the filing of an answer or the lodging of an administrative record, and the Court concludes that the motion is neither premature nor unduly delayed.  As to prejudice to the opposing party, "the only prejudice that is relevant is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known,

that his interests were not being adequately represented." *Kalbers*, 22 F.4th at 825 (internal quotation marks and citation omitted, alterations normalized). Whether Intervenors' interests were being adequately represented is discussed in greater detail below, but Intervenors moved promptly to join the case.

## II.    Significant Protectable Interest

As noted, Intervenors are environmental organizations who allege that their members live and recreate near the location where Defendants are alleged to be planning to construct the detention center. Intervenors allege that the area is environmentally sensitive and within the range of several listed species. Intervenor Compl. ¶¶ 44-45. ECF No. 4-1. Intervenors allege that the area is used for recreation by Intervenors' members and will be damaged by the construction of a detention center. *Id.* at ¶¶ 8-9, 46-47. Intervenors also allege that there is a tsunami risk in the area that has not been accounted for. *Id.* at ¶ 48.

A proposed intervenor "has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (internal quotation marks and citation omitted). The "interest" test "is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (internal quotation marks and citation omitted, alterations normalized). "Instead, the 'interest' test directs courts to make a practical threshold inquiry and is primarily a practical guide to disposing of lawsuits involving

as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (internal quotation marks and citation omitted).

Here, the Court concludes that Intervenors have sufficiently demonstrated that they possess protectable interests under the CZMA and NEPA. The Court similarly concludes that disposition of this action may, as a practical matter, impede Intervenors' ability to protect their interests. Defendants argue that Intervenors' claims are speculative, but "intervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests," and can be "invoked when the disposition of the action 'may' practically impair a party's ability to protect their interest in the subject matter of the litigation." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011). Here, the Court is satisfied that Intervenors have met this requirement.

### III.    Adequacy of Representation

The "adequacy of representation" element "is satisfied if the applicant shows that representation of his interest *may* be inadequate—a minimal burden." *Kalbers*, 22 F.4th at 828 (internal quotation marks and citation omitted, emphasis in original). In assessing this element, courts consider: (1) whether the interest of a present party is such that it will undoubtably make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *City of Los Angeles*, 288 F.3d at 398 (internal quotation marks

Page 5 –OPINION & ORDER

and citation omitted). The intervenor bears the burden of demonstrating that existing parties will not adequately represent the intervenor's interests. *Id.*

The most important factor in determining the adequacy of representation is "how the interest compares with the interests of existing parties," and "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy arises." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). If the intervenor's interest is identical to a present party, a "compelling showing" is required to demonstrate inadequate representation. *Id.* "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," and "[i]n the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.*; *Berger v. North Carolina State Conf. of the NAACP*, 597 U.S. 179, 196-97 (2022) (discussing but declining to decide "whether a presumption of adequate representation might sometimes be appropriate when a private litigant seeks to defend law alongside the government or in any other circumstance.").

In *United States v. Oregon*, Case No. 6:25-cv-01666-MTK, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025), the court found that proposed intervenors' interests were sufficiently distinct from the governmental parties that it overcame any presumption of adequacy. *Id.* at *2. The state governmental parties had obligations that the intervenors did not share, as well as "broader public policy obligations and considerations that may incentivize them to make compromises that Proposed

Intervenors would not make," while the intervenors had specific interests that the state governmental parties did not share, which the court found made out a compelling showing that the existing parties did not provide adequate representation. *Id.* at *2.

Here, Intervenors are environmental groups with narrow, focused interests on the preservation of certain ecosystems and, more specifically, their members' use of the relevant areas, while, as in *United States v. Oregon*, the State of Oregon and the City of Newport have broader interests, obligations, and objectives, which may range from public policy to economic considerations. The Court concludes that the interests of the existing Plaintiffs and the Intervenors are not identical and that Intervenors have made a sufficiently compelling showing to overcome any presumption of adequacy. The Court will therefore GRANT Intervenors' Motion to Intervene.

The Government proposes the intervention should be subject to certain conditions, such as forbidding Intervenors from seeking discovery or challenging the administrative record; additional page limitations on Intervenors' briefing; forbidding Intervenors from exercising an independent right of appeal; and disallowing costs and fees for Intervenors. The Court declines to impose the requested conditions.

However, Defendants propose that, in briefing the merits of this case, Intervenors should file their briefs after the State of Oregon and the City of Newport but before Defendants. Intervenors do not object to this proposal. The Court concurs

that this is a reasonable proposal for briefing sequencing and will address the issue

of merits briefing at the appropriate time.

## CONCLUSION

For the reasons set forth above, Plaintiff-Intervenors Motion to Intervene, ECF

No. 4, is GRANTED.

It is so ORDERED and DATED this ____21st____ day of April 2026.


         /s/Ann Aiken
         ANN AIKEN
         United States District Judge